Lipscomb, J.
In a suit brought by the defendant in error against A. E. 0. Johnson et ah, judgment was rendered against the plaintiff in error under the following circumstances, as collected from the record. The action was brought in the ordinary way against Johnson, Deforest, Hedge and Curtis, and proceeded to judgment against the three last named defendants; Johnson having died, his death was suggested and a sei. fa. awarded against his representatives. Judgment was at the same time rendered against the plaintiff in error as garnishee (which last judgment is now sought to be reversed). The record shows that certain interrogatories were propounded to the plaintiff in error, in relation to his indebtedness to Deforest, and as to his knowledge of the facts necessary to support the action of the defendant in error. They are not accompanied by the affidavit of the party propounding them, nor of any one else. They appear to have had the two-fold object of making the plaintiff in error both a garnishee and witness. They are headed “ William G-. Anderson v. A. E. C. Johnson et ah, trespass. The republic of Texas, county of San. Augustine district court, September term, 1844; interrogatories to be propounded to.Thomas S. Wiggins, a garnishee in this case, and tobe used in evidence in the said cause in the trial thereof. The plaintiff in error answers the interrogatories, waiving service of the citation and copy of the petition on the 22d day of July, 1844.”
The suit in which these interrogatories were intended to be used was not commenced until the 16th of August, near a month after the date of the answers of the plaintiff in error. We will not inquire into the manifold errors and irregularities said to be in the whole proceedings in the case against Johnson, Deforest, Hedge and Curtis, nor will we look into'the record with any other object than to'ascertain whether the proceedings will sustain the judgment rendered against the plaintiff in error, as garnishee in that case. There are but two modes known to our laws for bringing a garnishee into court. The first when' an original attachment is sued out. Laws of Texas, vol. 3, sec. 13-21, p. 95. And the second after a judgment has been obtained and the defendant has no property known to the plaintiff, to satisfy the same; on the oath being made required by the statute, the plaintiff can garnishee the person who is supposed to be indebted to or to have the effects of the defendant in his hands. Laws *(53) of Texas, “ An act to reduce into one and to amend tbe several acts concerning executions, sec. 14, passed 22d January, 1842.” It cannot for a moment be pretended that the proceedings against the plaintiff in error were had under either of the statutes referred to, nor does it appear to have been conducted in accordance with any law known to this court; nor can it be the foundation of a judgment or any other proceeding against the plaintiff in error; and it may with truth be said that irregularities are presented in this case rarely to be found in judicial proceedings and so gross and palpable in their character as to preclude the necessity of any argument to show that the judgment ought to be reversed.
Judgment reversed and plaintiff in error to recover his costs in this court and in the court below.